FILED by ___ D.C.
ELECTRONIC

**Nov. 12, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 08-61826-Civ-ZLOCH/SNOW

BARBARA LAWSON,

      Plaintiff,

vs.

PLANTATION GENERAL HOSPITAL
LIMITED PARTNERSHIP,

      Defendant.                     /

CASE NO.
Magistrate Judge:
Remove from the Circuit Court
In and for Broward County, Florida

## NOTICE OF REMOVAL BY DEFENDANT

The Defendant, Plantation General Hospital Limited Partnership, d/b/a Plantation General Hospital, hereby files this Notice of Removal containing a short and plain statement of the grounds for removal as required by 28 U.S.C. §§ 1441 and 1446, and states as follows:

1.      On or about October 28, 2008, Plaintiff commenced this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. CACE08052620-18, entitled *Barbara Lawson v. Plantation General Hospital Limited Partnership.*

2.      The Summons and Complaint in this cause were served on Defendant on October 30, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Attached hereto as composite Exhibit "A" are copies of the Summons and Complaint filed by the Plaintiff in state court, as well as the state court Docket Sheet and copies of all process, pleadings, papers and orders, now on file in the state court, in accordance with 28 U.S.C. § 1446(a).

14179876.1

4. The instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1331, without regard to an amount in controversy or the citizenship of parties, in that it appears from Plaintiff's Complaint that this is an action alleging facts which would constitute a violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended, § 42 U.S.C. § 2000e-2 *et seq.*, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

5. Defendant has provided written notice of the filing of this Notice of Removal to all parties in this action, and a copy of said Notice will be promptly filed with the Clerk of the Circuit Court in Broward County, Florida.

WHEREFORE, Defendant, Plantation General Hospital Limited Partnership, d/b/a Plantation General Hospital, respectfully requests that this cause be removed in its entirety to the United States District Court for the Southern District of Florida, that this Court assume full jurisdiction of this cause, and that this Court take all further action deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and U.S. Mail this _12th_ day of November, 2008, to:

> Dana M. Gallup, Esq.
> Law Offices of Dana M. Gallup, P.A.
> 4000 Hollywood Boulevard
> Presidential Circle - Suite 265 South
> Hollywood, FL 33021
> Phone: (954) 894-3035
> Fax: (954) 241-6585
> E-mail: dgallup@gallup-law.com

14179876.1

2

CARLTON FIELDS, P.A.

P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:    (561) 659-7070
Facsimile:    (561) 659-7368
E-mail: adelrusso@carltonfields.com
Attorneys for Defendant

By: _____
  Alexander D. del Russo
  Florida Bar Number 350273

# EXHIBIT A

CASE ID: CA-CE-08-052620

LAWSON BARBARA

                              PLAINTIFF(S)        FILING: 10/28/08
-V-                                               ACTION: OTHER CIVIL
                                                  JUDGE: JOHN T LUZZO
PLANTATION GENERAL HOSP LIMIT#
                              DEFENDANT(S)

      PARTY GROUP      PARTY TYPE              PARTY NAME
      -----------      --------------------    --------------------  -----------
          001         ATTORNEY         GALLUP DANA M
          001         PLAINTIFF        LAWSON BARBARA
          002         DEFENDANT        PLANTATION GENERAL HOSP LIMIT#

                         ***** PROGRESS IN CASE *****                  FEES
DATE

OCT 28 08                                    SUBD:18
    RANDOM ASSIGNMENT
OCT 28 08
    10/28/08 IS CLOCK-IN DATE OF CASE
OCT 28 08
    SUMMONS ISSUED-1
OCT 28 08
    CIVIL COVER SHEET
OCT 28 08
    COMPLAINT FILED
OCT 28 08
    FILING FEE PAID
                                             DOCKET TOTAL:        .00

REQUESTED BY GJS AT 0079      DATE: 11/10/08    TIME: 12:47

************** END OF REPORT ***************

 CT Corporation

**Service of Process Transmittal**
10/30/2008
CT Log Number 514032294



**TO:** Alicia Fleming
HCA Inc.
One Park Plaza, Building 1 - Legal
Nashville, TN 37203

Tracey M. Richmond

NOV 0 3 2008

**RE:** **Process Served in Florida**

**FOR:** Plantation General Hospital, L.P. (Domestic State: DE)

---

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Barbara Lawson, Pltf. vs. Plantation General Hospital Limited Partnership, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL Case # 08-52620-18 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of age, race, sex, disability and national origin - Wrongful Termination - 10/19/07 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/30/2008 at 13:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Dana M. Gallup Law Offices of Dana M. Gallup, P.A. 4000 Hollywood Boulevard Suite 265 South Hollywood, FL 33021 (954) 894-3035 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790617082742 Email Notification, Alicia Fleming alicia.fleming@hcahealthcare.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

BARBARA LAWSON,

     Plaintiff,                CASE NO.     0852620

vs.

PLANTATION GENERAL HOSPITAL
LIMITED PARTNERSHIP,

     Defendant.
_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State of Florida:

     **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the
complaint or petition in this action on Defendant:

**PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP**
c/o CT CORPORATION SYSTEM, Registered Agent
1200 South Pine Island Road
Plantation, Florida 33324

     Each Defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorney, to-wit:

Dana M. Gallup, Esq.
Law Offices of Dana M. Gallup, P.A.
4000 Hollywood Boulevard,
Suite 265 South
Hollywood, Florida 33021
Tel: (954) 894-3035

within 20 days after service of this summons on that defendant, exclusive of the day of service,

and to file the original of the defenses with the clerk of this court either before service on

plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on this _____ day of October 2008.

OCT 2 8 2008

_____
As Clerk of the Court

ALETHEA THURSTON

By: _____
As Deputy Clerk

A TRUE COPY
CIRCUIT/COUNTY
COURT SEAL

Dana M. Gallup, Esq.
Florida Bar No.: 0949329
Law Offices of Dana M. Gallup, P.A.
4000 Hollywood Boulevard
Suite 265 South
Hollywood, Florida 33021
Telephone: (954) 894-3035
Facsimile: (954) 241-6585

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el bribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme di-dessous.

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

BARBARA LAWSON,

     Plaintiff,

                          CASE NO.    0852620

vs.

PLANTATION GENERAL HOSPITAL
LIMITED PARTNERSHIP,

     Defendant.

_____/

A TRUE COPY

## COMPLAINT

Plaintiff, BARBARA LAWSON ('LAWSON") by and through her undersigned attorney, sues Defendant, PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP. ("PLANTATION GENERAL") and states as follows:

### Jurisdiction

1.    This is an action for damages which exceed $15,000.00, exclusive of attorneys' fees, interest and costs.

2.    Venue is proper in Broward County, Florida since the Defendant does business in Broward County and all of the claims accrued in Broward County and the Plaintiff resides in Broward County, Florida.

### The Parties

3.    LAWSON is a Black individual, whose date of birth is July 8, 1951, *sui juris,* residing in Broward County, Florida.

4.    Defendant, PLANTATION GENERAL, is a foreign limited partnership doing business in Broward County, Florida.

### General Allegations

5.    LAWSON worked for PLANTATION GENERAL from September 15, 1995 through October 19, 2007.

6.    LAWSON was diagnosed with sickle cell disease in 1972.    PLANTATION GENERAL was aware of her medical condition at all relevant times of this Complaint. Since becoming employed in 1995, LAWSON had sickle cell crises in 1998, 2002, 2003, 2004 and 2006.

7.    From 1995 through 1997, LAWSON held the position of Executive Secretary reporting to the Administrative Assistant, who was Pat Johnson ("Johnson") at that time. In 1997, LAWSON began reporting directly to the Chief Financial Officer ("CFO"), who was David Hughes at that time.

8.    In 2005, PLANTATION GENERAL appointed a new CFO, Elizabeth Izquierdo ("Izquierdo") and she became LAWSON's supervisor. During her twelve (12) years of employment received consistently favorable performance reviews, as well as promotions and pay raises until July 9, 2007.

9.    On December 8, 2006, LAWSON became seriously ill and was hospitalized at PLANTATION GENERAL due to a relapse of her sickle cell disease. LAWSON applied for and utilized leave time afforded under the Family Medical Leave Act ("FMLA"), which was granted until March 8, 2007. However, on January 15, 2007, LAWSON returned to work part-time and then, approximately a week later, resumed full-time work.

10.    On January 29, 2007, Izquierdo told LAWSON that she wanted LAWSON to transfer to the medical department and out of administration. Izquierdo did not offer LAWSON a choice, but simply transferred her the next day, January 30, 2007. The transfer became effective on February 5, 2007. While the demotion did not affect LAWSON's pay, the duties of the position

were less desirable and involved menial clerical work.

11.   While LAWSON was out on FMLA leave, her Executive Secretary duties were handled by Miguel Cruz ("Cruz"), a Hispanic employee, who was in his 20's at the time.   When LAWSON was transferred to the medical department, Cruz was chosen to take her former Executive Secretary position, albeit with another title.

12.   On July 9, 2007, LAWSON's performance in her new position as a medical staff assistant was evaluated.   In contrast to her former good performance evaluations, she now had alleged inconsistencies in her performance and was criticized for not being a team player.   In fact, skills that LAWSON had been praised for in her 2006 performance evaluation were now being criticized.

13.   On July 19, 2007, LAWSON wrote a rebuttal to her performance evaluation.   After receiving the rebuttal, PLANTATION GENERAL requested that she prepare a Performance Improvement Plan, which she provided on August 20, 2007 to Benjamin Bittner ("Bittner"), Vice President of Human Resources.   When LAWSON gave Bittner her plan, he asked her whether she would consider taking a separation package.

14.   Two months later, on October 19, 2007, Bittner terminated LAWSON's employment.

15.   On October 23, 2007, LAWSON filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of age, race, sex, disability and national origin and she also alleged that PLANTATION GENERAL had retaliated against her.   The Charge of Discrimination is attached hereto and incorporated herein as Exhibit "1."

16.   On July 30, 2008, LAWSON received a right to sue letter from the EEOC.   The Right to Sue Notice is attached hereto and incorporated herein as Exhibit "2."

17. All conditions precedent to this action have been performed, waived or otherwise excused.

18. More than 180 days have passed since LAWSON filed her Charge of Discrimination with the Florida Commission on Human Relations and, as such, she may bring her state law claims under the Florida Civil Rights Act in this Court.

19. LAWSON has retained the undersigned law firm to represent her in this action and has agreed to pay the firm a reasonable fee for its services.

## Count I
## Violation of FMLA (Retaliation)

20. LAWSON reasserts the allegations set forth in paragraphs 1 through 18 and incorporates them herein by this reference.

21. LAWSON was an eligible employee of PLANTATION GENERAL as defined by Section 2611 (2) (A) of the FMLA when she exercised leave rights from December 8, 2006 to January 29, 2007.

22. LAWSON was an eligible employer pursuant to Section 2611 (4) of the FMLA when LAWSON exercised leave rights from December 8, 2006 to January 29, 2007.

23. LAWSON suffered from a serious medical condition, which qualified her for leave time and benefits under the FMLA.

24. PLANTATION GENERAL violated Section 2615 of the FMLA by retaliating against LAWSON for exercising her rights under the FMLA.

25. The fact that LAWSON asserted her FMLA rights was a substantial motivating factor in PLANTATION GENERAL's decision to terminate her employment.

26. With regard to the unlawful retaliation described above, PLANTATION GENERAL acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

equal to her lost wages.

27.   As a direct and proximate result of the actions of PLANTATION GENERAL, LAWSON has suffered damages including lost wages, benefits and other compensation and interest thereon.

28.   Moreover, LAWSON is entitled to recover liquidated damages pursuant to Section 2617 (a) (1) (A) and her attorneys' fees and court costs pursuant to Section 2617 (a) (3).

WHEREFORE, Plaintiff, BARBARA LAWSON demands judgment against Defendant, PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP, for compensatory damages including lost wages and benefits, liquidated damages, interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just, necessary and proper.

## COUNT II
### Violation of FCRA (Handicap Discrimination)

29.   LAWSON reasserts the allegations set forth in paragraphs 1 through 27 and incorporates them herein by this reference.

30.   LAWSON suffered from a handicap in that she suffered from sickle cell disease, has a history of relapses from the sickle cell disease that PLANTATION GENERAL was aware of and perceived to be disabling to LAWSON.

31.   PLANTATION GENERAL violated the FCRA by retaliating against her for taking a leave as a reasonable accommodation; demoting her from her position of Executive Secretary; and terminating her employment because of LAWSON's handicap.

32.   As a result of PLANTATION GENERAL's violations of the FCRA, LAWSON has suffered damages including lost wages, benefits and other compensation and interest thereon.

33.   Moreover, LAWSON is entitled to recover punitive damages and attorney's fees and court costs pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will:

a.  Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under the FCRA;

b.  Enjoin the Defendant and its management employees from continuing or maintaining the policy, practice or custom of denying, abridging, withholding or conditioning the right of employees on the basis of their handicap in violation of the FCRA;

c.  Order Defendant to remedy the handicap discrimination of Plaintiff by:

    i.   Paying appropriate back pay;
    ii.  Paying prejudgment interest;
    iii. Providing any other relief that is appropriate.

d.  Enter a judgment against Defendant for compensatory damages;

e.  Enter a judgment against Defendant for punitive damages; and

f.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to the FCRA.

### Count III
### Violation of Americans with Disabilities Act (Handicap Discrimination)

33.  LAWSON reasserts the allegations set forth in paragraphs 1 through 32 and incorporates them herein by this reference.

34.  Defendant violated the ADA by discriminating against Plaintiff based upon her disability by retaliating against her for taking a leave as a reasonable accommodation; demoting her from her position of Executive Secretary; and terminating her employment because of LAWSON's handicap.

35.  As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will:

a.  Order Defendant to remedy the disability discrimination of Plaintiff by:

    i. Paying appropriate back pay;

    ii. Paying prejudgment interest;

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

    iii.    Paying front pay in lieu of reinstatement;

    iv.    Paying for lost benefits including medical insurance, pension and retirement plan;

    v.    Providing any other relief that is appropriate.

b.    Enter an order against Defendant for compensatory damages;

c.    Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

### Count IV
### Violation of the FCRA (Race Discrimination)

36.    LAWSON reasserts the allegations set forth in paragraphs 1 through 35 and incorporates them herein by this reference.

37.    Defendant violated the FCRA by discriminating against Plaintiff based upon her race by demoting and terminating Plaintiff and replacing her with a non-African-American person.

38.    As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will:

a.    Order Defendant to remedy the race discrimination of Plaintiff by:

    i.    Paying appropriate back pay;

    ii.    Paying front pay in lieu of reinstatement;

    iii.    Paying for lost benefits including medical insurance, pension and retirement plan;

    iv.    Paying prejudgment interest;

    v.    Providing any other relief that is appropriate.

b.    Enter an order against Defendant for compensatory damages;

c.    Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

**Count V**
**Violation of Title VII (Race Discrimination)**

39.   LAWSON reasserts the allegations set forth in paragraphs 1 through 38 and incorporates them herein by this reference.

40.   Defendant violated Title VII by discriminating against Plaintiff based upon her race by demoting her and terminating her employment and then PLANTATION GENERAL replaced LAWSON with a non-African-American person.

41.   As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will:

a.   Order Defendant to remedy the race discrimination of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.   Paying front pay in lieu of reinstatement;

    iii.   Paying for lost benefits including medical insurance, pension and retirement plan;

    iv.   Paying prejudgment interest;

    v.   Providing any other relief that is appropriate.

b.   Enter an order against Defendant for compensatory damages;

c.   Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C.A. § 2000e-5(k).

**Count VI**
**Violation of FCRA (Age Discrimination)**

42.   LAWSON reasserts the allegations set forth in paragraphs 1 through 41 and incorporates them herein by this reference.

43.   Defendant violated the FCRA by discriminating against Plaintiff based upon her age by demoting and terminating her and replacing her with a substantially younger employee.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

44.     As a result of Respondent's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff BARBARA LAWSON prays that this Court will:

d.      Order Defendant to remedy the age discrimination of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.  Paying prejudgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv.  Paying for lost benefits including medical insurance, pension and retirement (401K) plan;

    v.   Providing any other relief that is appropriate.

e.      Enter an order against Defendant for compensatory damages;

f.      Enter an order against Defendant for punitive damages; and

g.      Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

### Count VII
### Violation of the ADEA (Age Discrimination)

45.     LAWSON reasserts the allegations set forth in paragraphs 1 through 44 and incorporates them herein by this reference.

46.     Defendant violated the ADEA by discriminating against Plaintiff based upon her age by demoting and terminating her and replacing her with a substantially younger employee.

47.     As a result of Respondent's violations of the ADEA, Plaintiff has been damaged.

WHEREFORE, Plaintiff BARBARA LAWSON prays that this Court will:

h.      Order Defendant to remedy the age discrimination of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.  Paying prejudgment interest;

    iii. Paying front pay in lieu of reinstatement;

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

iv. Paying for lost benefits including medical insurance, pension and retirement (401K) plan;

v. Providing any other relief that is appropriate.

i.   Enter an order against Defendant for compensatory damages;

j.   Enter an order against Defendant for punitive damages; and

k.   Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to the ADEA.

## Count VIII
### Violation of FCRA (National Origin Discrimination)

48.   LAWSON reasserts the allegations set forth in paragraphs 1 through 47 and incorporates them herein by this reference.

49.   Defendant, by and through its managers, violated the FCRA by subjecting LAWSON to disparate treatment because of her national origin when Defendant demoted her, terminated her and replaced her with an employee of Hispanic origin.

50.   As a result of Defendant's violation of the FCRA, LAWSON has suffered damages including lost wages, lost benefits, emotional distress and other compensatory damages.

51.   LAWSON is entitled to an award of punitive damages pursuant to Fla. Stat. 760.11(5).

52.   LAWSON is entitled to recover attorney's fees and court costs pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will enter a judgment against Defendant for damages, including back pay, prejudgment interest; front pay in lieu of reinstatement, lost benefits, compensatory damages, including but not limited to emotional distress damages, punitive damages, attorney's fees, costs, and any other relief that may be appropriate.

## Count IX
## Violation of Title VII (National Origin Discrimination)

53.    LAWSON reasserts the allegations set forth in paragraphs 1 through 52 and incorporates them herein by this reference.

54.    Defendant, by and through its managers, violated Title VII by subjecting LAWSON to disparate treatment because of her national origin when Defendant demoted her, terminated her and replaced her with an employee of Hispanic origin.

55.    As a result of Defendant's violation of the Title VII, LAWSON has suffered damages including lost wages, lost benefits, emotional distress and other compensatory damages.

56.    LAWSON is entitled to an award of punitive damages pursuant to Title VII.

57.    LAWSON is entitled to recover attorney's fees and court costs pursuant to Title VII.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will enter a judgment against Defendant for damages, including back pay,  prejudgment interest; front pay in lieu of reinstatement, lost benefits, compensatory damages, including but not limited to emotional distress damages, punitive damages, attorney's fees, costs, and any other relief that may be appropriate.

## Count X
## Violation of FCRA (Sex Discrimination)

58.    LAWSON reasserts the allegations set forth in paragraphs 1 through 57 and incorporates them herein by this reference.

59.    Defendant, by and through its managers, violated the FCRA by subjecting LAWSON to disparate treatment because of her sex when Defendant demoted her, terminated her and replaced her with a male employee.

11

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

60.     As a result of Defendant's violation of the FCRA, LAWSON has suffered damages including lost wages, lost benefits, emotional distress and other compensatory damages.

61.     LAWSON is entitled to an award of punitive damages pursuant to Fla. Stat. 760.11(5).

62.     LAWSON is entitled to recover attorney's fees and court costs pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff, BARBARA LAWSON, prays that this Court will enter a judgment against Defendant for damages including back pay,  prejudgment interest; front pay in lieu of reinstatement, lost benefits, compensatory damages, including but not limited to emotional distress damages, punitive damages, attorney's fees, costs, and any other relief that may be appropriate.

### Count XI
### Violation of Title VII (Sex Discrimination)

63.     LAWSON reasserts the allegations set forth in paragraphs 1 through 62 and incorporates them herein by this reference.

64.     Defendant, by and through its managers, violated Title VII by subjecting LAWSON to disparate treatment because of her sex when Defendant demoted her, terminated her and replaced her with a male employee.

65.     As a result of Defenant's violation of the Title II, LAWSON has suffered damages including lost wages, lost benefits, emotional distress and other compensatory damages.

66.     LAWSON is entitled to an award of punitive damages pursuant to Title VII.

67.     LAWSON is entitled to recover attorney's fees and court costs pursuant to Title VII.

### Demand for Jury Trial

Plaintiff, BARBARA LAWSON, demands a trial by jury of all issues so triable by right of jury under state law.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

DATED this 28th day of October 2008.

Respectfully submitted,
**LAW OFFICES OF DANA M. GALLUP, P.A.**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle - Suite 265 South
Hollywood, Florida 33021
Telephone:      (954) 894-3035 (Ext. 235)
Facsimile:      (954) 241-6585
E-Mail:         dgallup@gallup-law.com

By:  _____
       DANA M. GALLUP
       Florida Bar No. 0949329

# Exhibit "1"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2007-02434 |

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Barbara Lawson** | **(954) 443-3594** | **07-08-1951** |

| Street Address | City, State and ZIP Code |
|---|---|
| **441 Sw 182nd Way, Pembroke Pines, FL 33029** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **PLANTATION GENERAL HOSPITAL** | **201 - 500** | **(305) 587-5010** |

| Street Address | City, State and ZIP Code |
|---|---|
| **401 N.W. 42nd Avenue,  Plantation, FL 33317** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-08-2006**  Latest **10-19-2007**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  I am a Black Jamaican female who is over the age of 40 and have a permanent disability.  The Respondent is aware that I have a permanent disability.  I was employed in the Administration Department as an Executive Secretary for more than ten years.   I was the only Black employee in this department, until recently when the Respondent hired another Black female as the Chief Operating Officer. While employed by the Respondent, I was never disciplined nor issued any written warnings and received good evaluations.  However, on December 8, 2006, I became ill due to my disability and was hospitalized.  I requested and was granted FMLA and was out until January 15, 2007, at which time I returned to work part-time and a week later, I returned to work fulltime.

II. On or around January 29, 2007, I was asked by my supervisor, Elizabeth Izquierdo, CFO (Hispanic) to think about transferring to the medical office. On January 30, 2007, the Respondent advised me that a decision was made to transfer me to the position of Medical Staff Assistant effective February 5, 2007.  This position is a demotion from my position of Executive Secretary, which I was able to perform.  The Demotion did not affect my salary, but I went from being Exempt to an hourly position. This position is less desirable.  It requires me to do mostly filing, making copies and reporting to a manager instead of the CFO/CEO.  Miguel Cruz, (Hispanic male) who is in his 20s and non disabled was promoted to my position as Executive Secretary.  In retaliation, on October 19, 2007, I was informed by VP of Human Resources that my position was eliminated.

III. I believe I was discriminated and retaliated  against based on my disability, age 55, sex (female) and race, Black in violation of Title I of the ADA of 1990, ADEA and Title VII of the 1964 Civil Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Oct/23/2007<br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br><br>Scanned |

# Exhibit "2"

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Barbara Lawson<br>441 Sw 182nd Way<br>Pembroke Pines, FL 33029 | From: Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-02434 | Katherine E. Gonzalez,<br>Investigator | (305) 808-1766 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_

**Manuel Zurita,**
**Acting Director**

JUL 3 0 2008
(Date Mailed)

Enclosures(s)

cc:
Mark Edwards
Attorney
MARK EDWARDS
2501 Park Plaza
Nashville, TN 37203

Dana Gallup
4000 Hollywood Blvd.
Presidential Circle, Suite 265 South
Hollywood, FL 33021

RECEIVED
AUG 0 1 2008
BY: Scanned - T

Enclosure with EEOC
Form 161 (2/08)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

JS 44 (Rev. 2/08)

**CIVIL COVER SHEET**

ELECTRONIC   D.C.

**Nov. 12, 2008**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**

Barbara Lawson

**DEFENDANTS**

Plantation General Hospital Limited Part

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dana M. Gallup, Esq., Dana M. Gallup, P.A., 4000 Hollywood
Boulevard, #265 South, Hollywood, FL 33021 (954) 894-3035

Attorneys (If Known)

Alexander D. del Russo, Esq., Carlton Fields, P.A.

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

(For Diversity Cases Only)

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

08CV61826   WJZ/LSS

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | Application | | Statutes |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original
        Proceeding

☑ 2 Removed from
        State Court

☐ 3 Re-filed-
        (see VI below)

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        another district
        (specify)

☐ 6 Multidistrict
        Litigation

☐ 7 Appeal to District
        Judge from
        Magistrate
        Judgment

**VI. RELATED/RE-FILED
CASE(S).**

(See instructions
second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE                                DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Family Medical Leave Act, 29 U.S.C. § 2601, the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Age Discrimination in Employment Act, 29 U.S.C. § 621.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
        UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   Nov 12 2008

FOR OFFICE USE ONLY

AMOUNT  350°°   RECEIPT #   IFP

725010