UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61826-CIV-ZLOCH/ROSENBAUM

BARBARA LAWSON,

    Plaintiff,

vs.

PLANTATION GENERAL HOSPITAL, L.P.,

    Defendant,
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Emergency Motion to Compel [D.E. 43] pursuant to an Order of Reference entered by the Honorable William J. Zloch. [D.E. 44]. The Court has reviewed the Motion, the case file, and is otherwise fully advised in the premises. The Court also heard argument from counsel at a hearing held on August 19, 2009. The Court announced its rulings from the bench during the hearing. This Order memorializes those rulings.

### *BACKGROUND*

Plaintiff, a former employee of Defendant Plantation General Hospital, filed a multi-count Complaint alleging that Defendant discriminated against her based upon her age, race, ethnic origin, and handicap. Plaintiff further claims that Defendant retaliated against her for taking leave under the Family Medical Leave Act ("FMLA"). Specifically, Plaintiff asserts that after she took FMLA leave, her supervisors transferred Plaintiff from her job in administration to a new position in a different division of the hospital. After Plaintiff's transfer, Plaintiff's supervisors advised her of performance issues and ultimately terminated her. Defendant admits that it transferred Plaintiff from her position as an executive secretary in administration to work as an administrative assistant in Defendant's medical staffing office. Defendant contends, however, that it later eliminated Plaintiff's

position during a reduction in force and not as a result of any discriminatory animus.

## *DISCUSSION*

Plaintiff filed the instant Emergency Motion to Compel seeking more complete responses from Defendant with respect to a number of discovery requests included in her Second Request for Production. More specifically, Plaintiff seeks to compel Defendant to provide more complete responses to Requests 2-9. Plaintiff asserts that the discovery at issue is necessary on an expedited basis so that she may respond fully to Defendant's pending Motion for Summary Judgment. In response, Defendant contends that the discovery requests are overly broad, seek irrelevant information, or impose an undue burden on Defendant.

As noted in this Court's prior Order [D.E. 38], the Court's consideration of Plaintiff's motion seeking to compel discovery begins with a review of the scope of discovery under Rule 26(b), Fed. R. Civ. P. Rule 26(b), Fed. R. Civ. P., sets forth the permissible parameters of discovery. Under that rule,

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [that] appears reasonably calculated to lead to the discovery of admissible evidence . . . , [as long as the Court does not find that] (I) the discovery sought is unreasonably cumulative or duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . ."

R. 26(b), Fed. R. Civ. P. The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a **broad** search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Adv. Com. Notes, 1946 Amendment,

R. 26, Fed. R. Civ. P. (citations omitted) (emphasis added).  Indeed, the Advisory Committee Notes approvingly cite language from a case stating that "the Rules . . . permit 'fishing for evidence as they should.'" *Id.* (citation omitted).

The courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure.  As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial.  Properly used, they prevent prejudicial surprises and conserve precious judicial energies.  The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[1] (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964)).  Of course, the scope of permissible discovery is not unbounded.  Requested discovery must be relevant, and it must not impose an undue burden, under the tests described in Rule 26(b)(2)(C).

The Court first notes that the discovery requests now at issue relate, at least in part, to discovery requests reviewed at the prior July 31, 2009, hearing on Plaintiff's Motion to Compel.  During that hearing, and as memorialized in a subsequent Order, the Court denied Plaintiff's original Motion to Compel with respect to Plaintiff's initial Requests 5 and 10.  At that time, however, the Court granted Plaintiff's counsel leave to propound more precise requests for production by no later than Monday, August, 3, 2009.  The Court further directed that if Defendant had an objection to the newly drafted requests, it was required to state the objection (and, if an objection on the basis that the request was unduly burdensome, to include the number of hours and amount of effort that would be involved in a search for the requested documents) by no later than Wednesday, August 12, 2009.

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Plaintiff served her Second Requests for Production on August 3, 2009, which included 9 separately numbered Requests for Production. Defendant served its responses and objections to Requests 1-4, but did not respond to Requests 5-9, objecting that these Requests were new requests rather than an attempt to re-word initial Requests 5 and 10. In the Motion pending before the Court, Plaintiff sought to compel better answers, or, in the case of Requests 5-9, answers, to all requests except for Request 1. The Court addressed each of the Requests for Production during a hearing held on August 19, 2009. This Order sets forth the discovery requests in dispute, followed by the rulings made by the Court from the bench during the August 19, 2009, hearing. For further convenience, the Court groups the interrelated discovery requests for discussion.

**Requests for Production 2-4**

Requests for Production 2 through 4 represent Plaintiff's attempt to re-phrase initial Requests for Production 5 and 10, which were rejected by the Court as overly broad in scope at the July 31, 2009 hearing. More specifically, Request 2 seeks all memoranda, letters, documents, and e-mail messages (including notations thereon) by and between Plaintiff and Elizabeth Izquierdo, Barbara Simmons, Ben Bittner, Laurie Meyer, Laura Rodriguez, Lillian Malone, James Izzo and Shanna Sappington for all of 2006 and 2007. Similarly, Request 3 seeks memoranda, letters, documents, and e-mails between the same individuals listed above "relating to, referencing, or referring to Plaintiff" for January through June of 2008, all of 2007, and August through December of 2006. Finally, Request 4 seeks all Outlook calendars or other calendars kept for the individulas listed above for all of 2007, and August through December of 2006.

Defendant objected to the requests on the grounds that they were overly broad, unduly burdensome, and oppressive. Defendant noted that it has electronic communications referring to Plaintiff's employment and termination, which were preserved after receipt of Plaintiff's Charge of

Discrimination in November of 2007, and that the documents can be made available to Plaintiff. However, Defendant stated that retrieval of documents for each of the individuals listed would require access to back-up tapes. Defendant further provided a declaration of its systems engineer, Karen Hayes, explaining that the process would require 100 work hours at an hourly rate of $69.98 for a total cost of $27,992.00 to restore the back-up tapes.

During the August 19, 2009, hearing, the Court agreed that the requests appeared to be overly broad in scope and, thus, inquired into the relevance of the requested documents. In response, counsel for Plaintiff explained that the documents were relevant to Plaintiff's job performance. More particularly, counsel asserted that he needed the documents to determine whether there was any evidence to support Defendant's claims regarding Plaintiff's alleged poor work performance. Plaintiff's counsel agreed, however, that he could narrow the relevant time frame to January through August of 2007.

After hearing counsel's argument, the Court agreed that the documents sought have relevance to this matter. Nevertheless, the Court reasoned, the degree of the relevance of some of the documents sought may be outweighed by the undue burden imposed on Defendant by these requests. Ultimately, Plaintiff agreed to further narrow her requests to seek responsive documents and information from the computers of only Bittner, Rodriguez, and Izquierdo for the period from January 1, 2007, through August 31, 2007. Additionally, Plaintiff sought documents and information contained on her computer hard drive evidencing correspondence between her and the same individuals.

The Court considered Plaintiff's revised request, but noted that Defendant was uncertain how much time would be required to perform a search of its back-up tapes, as Plaintiff had revised her request on the spot. Accordingly, the Court directed Defendant to investigate how much time and

effort would be necessary to respond to the revised request. The Court directed Defendant to file a Notice with the Court by **Wednesday**, **August 26, 2009**, advising the Court of the number of hours and amount of effort that would be involved in a search for the requested documents, including whether a person would have to perform the task manually.

### Requests 5-9

As noted above, although Plaintiff propounded nine additional requests for production, Defendant did not respond to Requests 5-9. Indeed, Defendant asserted that Requests 5-9 were new requests and not within the realm of the Court's Order granting Plaintiff leave to narrow her initial Requests 5 and 10. Thus, Defendant contended that it did not have to provide expedited responses to these requests and, instead, was entitled to the 30-day response time provided for under the Federal Rules of Civil Procedure. Plaintiff first argued that Defendant was required to produce the documents sought in Requests 5-9 pursuant to Rule 26(a) and (e) requiring each party to provide and supplement its initial disclosures. Alternatively, Plaintiff argued that the documents must be produced because they are responsive to some of Plaintiff's original discovery requests.

The Court first notes that Requests 5-9 seek documents referred to at the July 29, 2009, deposition of Elizabeth Izquierdo. According to Plaintiff, during the deposition, Ms. Izquierdo allegedly testified that she relied upon internal audits form the year preceding her employment with Defendant to make the decision to transfer Plaintiff to a different department. Likewise, Ms. Izquierdo allegedly testified that she relied upon Labor Utilization Reports (LURs), FTE reports from the division office, Return on Investment (ROI) reports and patient census reports in making decisions about the reduction in force that included Plaintiff. Plaintiff asserts that if these documents were relied upon by Izquierdo, they would support Defendant's defense in this case and, hence, are discoverable.

During the hearing on this matter, the Court heard from the parties regarding whether the requested documents are encompassed within Rule 26(a)'s initial disclosure requirements. Upon considering the parties' arguments, the Court found that Defendant was not required to provide the documents requested pursuant to Rules 26(a) or (e). The Court reiterated that Rule 26(a)(1)(A)(ii) requires a party to provide to other parties

> (ii)  a copy – *or a description* by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

(Emphasis added). Accordingly, Rule 26(a) does not require actual production of documents but offers the alternative of providing a description by category and location of the document. Additionally, the Court emphasized that Rule 26(e)(1)(A) provides that a party who has made an initial disclosure, or who has responded to an interrogatory, request for production, or request for admission, must supplement or correct the disclosure or response

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information *has not otherwise been made known to the other parties during the discovery process* or in writing.

(Emphasis added).

Ultimately, the Court ruled that Rule 26(a) did not require Defendant to disclose the documents sought in Requests 5-9 in its initial disclosures because it was not aware of them at the time. More significantly, counsel for Defendant stated that Defendant did not intend to rely on the documents at trial in support of its defense. Furthermore, the Court found that Rule 26(e) did not require Defendant to provide the documents as a supplement because both parties became aware of the documents at the same time – during the deposition of Ms. Izquierdo. Indeed, Defendant did not

7

have a duty to provide the documents as a supplement to its initial disclosures because the additional information had "otherwise been made known to the other part[y] during the discovery process."[2]

Next, the Court turned to Plaintiff's argument that the documents responsive to Requests 5-9 were responsive to earlier discovery requests. According to Plaintiff, the requested documents relate to Plaintiff's claims of pretext and the affirmative defenses raised by Defendant (*i.e.*, a legitimate RIF). Plaintiff asserted that these categories of documents were requested in Plaintiff's initial requests for production. Defendant did not agree that the documents were responsive to earlier requests for production, but ultimately agreed to produce the documents on an expedited basis subject to the confidentiality agreement entered into by the parties. In view of Defendant's agreement, as well as the impending deadline for Plaintiff to respond to Defendant's pending Motion for Summary Judgment, the Court directed Defendant to provide documents responsive to Requests 6-9 by no later than **Friday, August 23, 2009, at 5:00 p.m.** The Court notes that Defendant agreed to make its best efforts to provide the documents to Plaintiff by noon on that day. With respect to Request 5, Defendant shall have the full 30 days provided for by the Federal Rules of Civil Procedure to respond to the request.

**Miscellaneous Discovery Requests**

During the hearing held on August 19, 2009, the Court also ruled on various other discovery issues. First, Plaintiff asserted that Defendant conceded that it had e-mails in its possession regarding Plaintiff's termination, but had not yet provided those documents to Plaintiff. Although Defendant asserted that the documents were never specifically requested by Plaintiff, Defendant

---

[2] Moreover, because Defendant did not fail to make a disclosure required by Rule 26(a), the sanctions sought by Plaintiff and provided for in Rule 37(a)(3)(A) do not apply. Accordingly, Plaintiff's request for monetary sanctions as well as her request for the Court to bar Defendant from using the evidence at trial is denied.

8

stated that it did not object to providing the documents, subject to any applicable privilege as well as the parties' confidentiality agreement. Accordingly, the Court directed Defendant to provide the responsive documents and related privilege log by **Thursday, August 20, 2009, at 5:00 p.m.** These documents will be subject to the confidentiality agreement entered into by the parties.

Additionally, Plaintiff's counsel sought for the Court to compel Defendant to provide Plaintiff with the addresses and phone numbers of individuals listed on the RIF and FMLA lists that Defendant had previously provided to Plaintiff. Defendant did not object to providing additional information regarding the RIF list for those employees RIFed at the same time as Plaintiff, but did object to providing such information regarding the FMLA list since that list was comprised of hundreds of people. The Court noted that only four employees were a part of the same RIF as Plaintiff and that those names and contact information could lead Plaintiff to the discovery of relevant information. Accordingly, the Court directed Defendant to provide to Plaintiff the addresses and phone numbers of those four employees by no later than **Thursday, August 20, 2009, at 5:00 p.m.** The Court, however, denied without prejudice Plaintiff's request for additional information regarding the FMLA list.

## *CONCLUSION*

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion to Compel [D.E. 43] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 25th day of August, 2009.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Honorable William J. Zloch
         counsel of record