UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61826-CIV-ZLOCH/ROSENBAUM

BARBARA LAWSON,

    Plaintiff,

vs.

PLANTATION GENERAL HOSPITAL, L.P.,

    Defendant,
_____/

## ORDER

This matter comes before the Court upon Defendant Plantation General Hospital's Notice Regarding Discovery Pursuant to Magistrate Judge's August 19, 2009, Order [D.E. 52] and Plaintiff's Emergency Motion to Compel [D.E. 43] pursuant to an Order of Reference entered by the Honorable William J. Zloch. [D.E. 44]. The Court has reviewed these documents and the case file, and is otherwise fully advised in the premises.

Plaintiff, a former employee of Defendant Plantation General Hospital, filed a multi-count Complaint alleging that Defendant discriminated against her based upon her age, race, ethnic origin, and handicap. Plaintiff further claims that Defendant retaliated against her for taking leave under the Family Medical Leave Act ("FMLA"). Specifically, Plaintiff asserts that after she took FMLA leave, her supervisors transferred Plaintiff from her job in administration to a new position in a different division of the hospital. After Plaintiff's transfer, Plaintiff's supervisors advised her of performance issues and ultimately terminated her. Defendant admits that it transferred Plaintiff from her position as an executive secretary in administration to work as an administrative assistant in Defendant's medical staffing office. Defendant contends, however, that it later eliminated Plaintiff's position during a reduction in force and not as a result of any discriminatory animus.

During the course of discovery in this case, Plaintiff filed an Emergency Motion to Compel seeking more complete responses from Defendant with respect to a number of discovery requests included in her Second Request for Production. Among other relief, Plaintiff sought to compel better answers to Requests 2-4. Requests 2-4 represented Plaintiff's attempt to re-phrase initial Requests for Production 5 and 10, which were rejected by the Court as overly broad in scope at the July 31, 2009 hearing. More specifically, Request 2 sought all memoranda, letters, documents, and e-mail messages (including notations thereon) by and between Plaintiff and Elizabeth Izquierdo, Barbara Simmons, Ben Bittner, Laurie Meyer, Laura Rodriguez, Lillian Malone, James Izzo and Shanna Sappington for all of 2006 and 2007. Similarly, Request 3 sought memoranda, letters, documents, and e-mails between the same individuals listed above "relating to, referencing, or referring to Plaintiff" for January through June of 2008, all of 2007, and August through December of 2006. Finally, Request 4 sought all Outlook calendars or other calendars kept for the individulas listed above for all of 2007, and August through December of 2006.

Defendant objected to these requests on the grounds that they were overly broad, unduly burdensome, and oppressive. Defendant agreed to make available to Plaintiff electronic communications referring to Plaintiff's employment and termination, which were preserved after receipt of Plaintiff's Charge of Discrimination in November of 2007. Defendant explained, however, that retrieval of documents for each of the individuals listed would require access to back-up tapes. Defendant further provided a declaration of its systems engineer, Karen Hayes, explaining that the process would require 100 work hours at an hourly rate of $69.98 for a total cost of $27,992.00 to restore the back-up tapes.

During an August 19, 2009, hearing regarding Plaintiff's Emergency Motion to Compel, the Court agreed that the requests appeared to be overly broad in scope and, thus, inquired into the

relevance of the requested documents. In response, counsel for Plaintiff explained that the documents were relevant to Plaintiff's job performance. More particularly, counsel asserted that Defendant indicated an intention to rely in part on unfavorable reviews of Plaintiff's work in explaining its legitimate business reasons for its behavior towards Plaintiff. Thus, Plaintiff's counsel continued, he needed the requested documents because he expected them to show (1) Plaintiff's actual work; (2) any direction or discipline to Plaintiff from those to whom Plaintiff reported regarding Plaintiff's actual work; and (3) any discussions or notes by Plaintiff's supervisors regarding Plaintiff's work. Because Plaintiff's unfavorable work assessment occurred in June, 2007, for her work from January, 2007, until that time, and further, because by August, 2007, Defendant indicated that Plaintiff had corrected her alleged shortfalls, Plaintiff's counsel agreed that he could narrow the relevant time frame to January through August of 2007.

The Court agreed that under the scope of discovery anticipated by Rule 26(b), Fed. R. Civ. P., as set forth in this Court's prior Order [D.E. 38], the production request sought relevant information, although it was drafted in a manner that would also be expected to result in the production of, at best, marginally relevant information in addition to the relevant documents.[1] Thus, the Court turned to Defendant to ascertain the burden imposed by the newly narrowed request. Because the request had been limited on the spot at the hearing, however, Defendant was not in a position to be able to quantify any burden imposed by the newly narrowed request. Consequently, the Court directed Defendant to investigate how much time and effort would be necessary to respond to the revised request.

In accordance with the Court's directive, Defendant filed its Notice Regarding Discovery

---

[1]By requesting all documents to or from Plaintiff, for example, Plaintiff could expect to receive, in addition to those documents going directly to the issue of Plaintiff's alleged deficient work performance, all kinds of routine e-mails and correspondence, as well as possibly social e-mails, which would have no bearing on the issues in this case.

[D.E. 52], along with supporting exhibits, including affidavits attesting to the number of hours Defendant anticipated it would take to respond to Plaintiff's newly rephrased request. In this filing Karen Hayes, a systems engineer for the company providing computer systems services to Defendant, stated that for the period from January, 1, 2007, through August 31, 2007, the only way to obtain the requested electronic data would require Defendant to restore back-up tapes for this timeframe. D.E. 52-3 at ¶¶6-9. A different back-up tape exists for each week during the period, so 34 back-up tapes would have to be restored. *Id.* According to Ms. Hayes, restoring each back-up tape requires approximately four hours. *Id.* Consequently, Ms. Hayes expects it to take approximately 136 hours of work time to restore the data on these tapes. *Id.* At an hourly rate of $69.98, Ms. Hayes estimates the cost to restore the tapes at $9,157.28. *Id.* Following restoration, additional time and effort would have to be invested to search and copy restored e-mails to or from Plaintiff, as well as those e-mails referring to her. *Id.* at ¶11; Declaration of William Singley [D.E. 52-4] at ¶¶5-10. More specifically, an engineer would have to restore the databases from the back-up tapes for each server. *Id.* at ¶¶6-8. This would require the engineer to repeat the process for each of the 34 tapes. *See id.* Once that task had been completed, an engineer would have to employ an application that enters the copied databases, finds the custodians' mailboxes, and creates a file back-up of each custodian's mailbox. *Id.* at ¶9. Again, the engineer would have to repeat this process for each of the 34 tapes. *See id.* Then the resulting CDs or DVDs would have to be searched for responsive contents. *Id.* at ¶10.

      This process is clearly burdensome. The question, therefore, is whether the expected relevance of the documents sought is significant enough to justify requiring Defendant to engage in such a process at its own expense. The Court finds that it is not, as Plaintiff has phrased the pending requests. Nevertheless, to the extent that Defendant intends to invoke Plaintiff's performance as a

4

legitimate business reason for its actions towards Plaintiff, fairness demands that Plaintiff should have an opportunity to review the documents that Defendant claims support this reason. In other words, it is not enough for Defendant simply to produce to Plaintiff her poor work reviews; Defendant must turn over the underlying work product supporting these poor work reviews, as well as any warnings or other indication provided by Plaintiff's supervisors to Plaintiff prior to the issuance of the poor work evaluation in June, 2007. Otherwise, Plaintiff has no way to test Defendant's assertions and demonstrate pretext. In view of the upcoming pre-trial conference, Defendant shall produce such documents to Plaintiff by **Friday, September 11, 2009, at 5:00 p.m.** Should Plaintiff continue to desire the remainder of the documents requested in the narrowed Requests 2-4, for which Plaintiff has a lesser need, in light of all of the other discovery in this matter, Plaintiff must pay half the costs of obtaining them.

    Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion to Compel Answers to Narrowed New Requests 2-4 [*see* D.E. 43] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

    **DONE** and **ORDERED** at Fort Lauderdale, Florida this 27th day of August, 2009.

                                              ROBIN S. ROSENBAUM
                                              United States Magistrate Judge

cc:    Honorable William J. Zloch
       counsel of record