UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61826-CIV-ZLOCH/ROSENBAUM

BARBARA LAWSON,

    Plaintiff,

vs.

PLANTATION GENERAL HOSPITAL, L.P.,

    Defendant,
_____/

## ORDER

This matter comes before the Court upon Defendant's Emergency Motion to Compel [D.E. 61] pursuant to an Order of Reference entered by the Honorable William J. Zloch. [D.E. 62]. The Court has reviewed the Motion, Plaintiff's Response [D.E. 75], Defendant's Reply [D.E. 84], and the case file, and is otherwise fully advised in the premises.

### *BACKGROUND*

Plaintiff, a former employee of Defendant Plantation General Hospital, filed a multi-count Complaint alleging that Defendant discriminated against her based upon her age, race, ethnic origin, and handicap. Plaintiff further claims that Defendant retaliated against her for taking leave under the Family Medical Leave Act ("FMLA"). Specifically, Plaintiff asserts that after she took FMLA leave, her supervisors transferred Plaintiff from her job in administration to a new position in a different division of the hospital. After Plaintiff's transfer, Plaintiff's supervisors advised her of performance issues and ultimately terminated her. Defendant admits that it transferred Plaintiff from her position as an executive secretary in administration to work as an administrative assistant in Defendant's medical staffing office. Defendant contends, however, that it later eliminated Plaintiff's position during a reduction in force and not as a result of any discriminatory animus.

## *DISCUSSION*

Plaintiff filed the instant Emergency Motion to Compel (the "Motion") seeking for the Court to order Plaintiff to forward a signed release for non-party, Dr. Jolly Varki ("Dr. Varki") to review Plaintiff's medical records in preparation for Dr. Varki's deposition. This Motion also seeks attorneys' fees incurred by Defendant in bringing and filing the Motion. After filing the Motion, Defendant filed a Notice of Partial Withdrawal [D.E. 63] in which it notified the Court that the primary issue of obtaining a signed release from Plaintiff had become moot. Defendant, however, indicated that it was not withdrawing the portion of the Motion in which it sought its attorneys' fees. Thus, at this time, the Court need only determine whether Defendant is entitled to recover its attorneys' fees incurred in filing the Motion.

The facts leading up to Defendant's filing of the Motion do not appear to be in dispute. What does differ is the parties' assertions of whether Plaintiff's actions were justifiable under the circumstances. Defendant contends that Plaintiff delayed providing the release and failed to respond to e-mails requesting confirmation that the release would be provided in advance of Dr. Varki's deposition. Plaintiff counters that her actions were justified because she was not required to provide a signed release, she provided her medical records directly to Dr. Varki for review, and ultimately, she provided the requested release. Not only does Plaintiff deny that Defendant is entitled to an award of fees, she argues that, instead, she is entitled to her attorneys' fees for having to respond to a partially withdrawn motion.

The Court has reviewed the pleadings and finds that although Plaintiff did ultimately provide a signed release, her actions necessitated the filing of Defendant's Motion. Accordingly, the Court finds that Defendant is entitled to an award of reasonable fees.

Federal Rule of Civil Procedure 37(a)(4) provides that the Court shall require reasonable expenses incurred in making the motion, including attorney's fees, to be paid by the opposing party, unless the opposing party's opposition was "substantially justified, or other circumstances make an award of expenses unjust." In discussing the intent of Rule 37(a)(4), the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, "The change *requires* that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." (Emphasis added); *see also Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999). "The Supreme Court has clarified that [a party's] discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney*, 989 F.2d at 1159 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997). A Court should also refrain from awarding fees if the movant filed the motion before attempting in good faith to obtain the relief sought. Rule 37(a)(5)(A), Fed. R. Civ. P.

Here, it is clear that Defendant made multiple good-faith attempts to resolve the dispute prior to filing its Motion with the Court. The Court also finds that an award of fees is appropriate under the circumstances because Plaintiff was not substantially justified in its actions and no other circumstances exist that make an award of fees unjust. The Court sets forth the relevant events below.

On August 18, 2009, Defendant noticed the deposition of Dr. Varki to take place on September 18, 2009, at 10:00 a.m. *See* D.E. 84, Exhibit 1. Because of a change of time for the deposition set for September 18, 2009, however, on September 2, 2009, Defendant re-noticed the deposition of Dr. Varki. *Id.* According to Defendant, once Dr. Varki received the notice of deposition, Dr. Varki called counsel for Defendant and requested that Plaintiff sign a release to enable Dr. Varki to review Plaintiff's medical records in preparation for her deposition. Dr. Varki explained that she had moved her practice and that her old office retained Plaintiff's medical file. Hence, Dr. Varki did not have access to the necessary medical files.

On September 3, 2009, counsel for Defendant e-mailed Plaintiff's counsel explaining that Dr. Varki had requested a signed release from Plaintiff to review the relevant medical records. *See* D.E. 61-1. Counsel also attached the release and asked that Plaintiff execute and return the release in an expedited fashion. *Id.* Almost one week later, on September 9, 2009, counsel for Defendant followed up with Plaintiff's counsel to determine whether the release had been signed and returned to Dr. Varki's office. *See* D.E. 61-2. Plaintiff's counsel's office responded that it was "working on it" and hoped to have it in the "next couple of days." *Id.* An additional five days later, on September 14, 2009, counsel for Defendant again e-mailed Plaintiff's counsel to inquire about the status of the release. *See* D.E. 61-3. The e-mail also advised that if Plaintiff failed to forward the signed release by "tomorrow" (*i.e.*, September 15th), Defendant would file an emergency motion to compel. *Id.*

Plaintiff's counsel forwarded a signed release to Defendant's counsel on September 14, 2009. *See* D.E. 61-4. The release, however, was filled out incorrectly – it authorized defense counsel Alexander del Russo to review the medical records rather than Dr. Varki. *Id.* Additionally, Defendant contended that the release improperly restricted review of records to only those dated December 1, 2006, and later. Defendant argued that Plaintiff's claimed disability (*i.e.*, sickle cell

4

disease) did not present itself on December 1, 2006, but rather, would be noted in her entire medical file. By e-mail dated September 14, 2009, counsel for Defendant advised Plaintiff's counsel of the errors contained in the release. *See* D.E. 61-6.

Plaintiff's counsel responded that the release would be re-executed. *Id.* Thereafter, however, a paralegal working at Plaintiff's counsel's law firm telephoned and e-mailed opposing counsel stating that she had spoken with Dr. Varki's office, which had advised her that a release was not required. *See* D.E. 61-5. Defense counsel refuted the contention and advised Plaintiff's counsel that Dr. Varki personally told her that she required the release to review the records. *Id.* Defense counsel also reiterated that if a corrected release were not provided by the following day, Defendant would file an emergency motion. *Id.*

Although Plaintiff's counsel initially stated that he would not agree to have Plaintiff execute a release permitting review of Plaintiff's entire medical records, including those pre-dating December 1, 2006, in an e-mail dated September 14, 2009, counsel ultimately conceded, agreeing that Plaintiff had waived any objection by producing the file earlier. *See* D.E. 61-7 and 61-8. Plaintiff's counsel advised that he would "do [his] best" to forward the corrected release by tomorrow (*i.e.*, September 15th). *Id.* In response, counsel for Defendant sought confirmation of the date that the release would be forwarded – in other words, confirmation that Plaintiff was definitely going to forward the release in time for the Varki deposition, as failure to do so would render the deposition useless. *See* D.E. 61-9. Plaintiff's counsel failed to respond to the e-mail.

Counsel for Defendant sent another e-mail early in the morning on September 15, 2009, seeking confirmation that the release would be forwarded by the next day. *Id.* Defense counsel again advised that failure to confirm would result in her filing of the emergency motion that morning. *Id.* According to Defendant's counsel, opposing counsel failed to respond to either of the two

5

requests, and the record is devoid of any evidence that Plaintiff's counsel responded to the e-mails in a prompt fashion. Consequently, on September 15, 2009, at approximately 2:45 p.m., Defendant filed the instant Motion.

Later in the day on September 15, 2009, counsel for Plaintiff forwarded a second release. This release, however, still contained the restriction of December 1, 2006, despite Plaintiff's counsel's agreement that the release would encompass Plaintiff's entire medical record. *See* D.E. 84-4. After receiving an e-mail from counsel for Defendant noting the error, Plaintiff's counsel finally forwarded the correct release form to defense counsel on September 16, 2009. *See* D.E. 84-5. Accordingly, on September 16, 2009, counsel for Defendant withdrew the Motion to Compel, but did not withdraw the request for fees associated with the Motion. In its Notice of Withdrawal, counsel for Defendant stated that counsel spent approximately 2.5 hours drafting the Motion and corresponding with opposing counsel and his staff regarding the status of the release. Counsel contends that the time was necessitated because Plaintiff failed to provide the release.

The Court agrees that under the circumstances, Defendant is entitled to a reasonable amount of fees for bringing its Motion. First, it is undisputed that Plaintiff made numerous attempts to obtain the correctly executed release from Plaintiff – a release that Defendant needed in order to engage in a meaningful deposition of Dr. Varki, which was scheduled for September 18, 2009. Second, Plaintiff provided the accurate release only after the Motion was filed by Defendant. Additionally, despite the fact that Defendant asked on numerous occasions when the corrected release would be provided, Plaintiff's counsel never confirmed an actual date when the release would be forwarded. As noted above, Rule 37(a) requires the Court to award fees unless (1) Defendant did not attempt to resolve the dispute in good faith prior to filing its motion; (2) Plaintiff's failure to provide the release was substantially justified; or (3) other circumstances make an award unjust.

Here, it is clear that Defendant attempted in good faith on a number of occasions to resolve the issue without need for court intervention. Counsel sent a plethora of e-mails seeking the release, advising of defects in versions of the release, and warning that failure to provide an accurate release would result in filing the Motion. And, despite stating that it would file the Motion on the morning of September 15th, Defendant waited until almost 3:00 in the afternoon to file the Motion. Thus, the Court finds that Defendant attempted in good faith to resolve the dispute prior to filing the Motion.

Likewise, the Court finds that Plaintiff was not substantially justified in its actions and that no other circumstances exist that would make an award of fees unjust. Plaintiff appears to argue that her actions were justified for two reasons – (1) the release was not required and (2) she provided her medical records directly to Dr. Varki. The Court has considered these arguments, but disagrees that these facts provide substantial justification for Plaintiff's actions to escape paying fees. First, although Plaintiff's counsel's paralegal contends that someone at Dr. Varki's office notified her that the release was not necessary, Dr. Varki's deposition testimony indicates to the contrary. Indeed, Dr. Varki testified that she told counsel for Defendant *directly* that in order to testify at her deposition, she would need a release to review Plaintiff's medical records. *See* D.E. 84-2 at p. 6. This statement from Dr. Varki confirms that the doctor required the release prior to her deposition. Moreover, notwithstanding Plaintiff's counsel's contention that the release was unnecessary, counsel, in fact, agreed to provide the release. Hence, Plaintiff's failure to confirm when the release would be provided is not justified.

Additionally, the fact that Plaintiff provided some of her own medical records to Dr. Varki does not change the outcome. As noted by Defendant, the documents provided were only a sub-set of Plaintiff's entire medical record. Further, Defendant already had the limited subset of documents in Plaintiff's possession, as they were provided during the course of discovery. Contrary to

Plaintiff's argument, the release did serve an important purpose because the documents produced by Plaintiff to Dr. Varki comprised only a portion of the universe of documents that Dr. Varki brought with her to her deposition. The Court agrees with Defendant that it was entitled to see all of Plaintiff's medical records in Dr. Varki's possession. Accordingly, the fact that Plaintiff faxed a portion of her medical records to Dr. Varki before the deposition does not excuse Plaintiff from providing the promised release since the release was the key to obtaining a complete set of Plaintiff's medical records. Ultimately, the Court finds that Defendant is entitled to an award of fees for bringing the Motion.

Based on the nature of the deficiency and Plaintiff's correction of it soon after Defendant filed its Motion, however, the Court finds that $500.00 is a reasonable amount in attorney's fees to be awarded under the circumstances. Accordingly, within 30 days, Plaintiff shall pay $500.00 to Defendant to reimburse it for the attorney time incurred in bringing this issue before the Court.

## *CONCLUSION*

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Emergency Motion to Compel [D.E. 61] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **DENIED AS MOOT** with respect to Defendant's request for the Court to compel Plaintiff to provide a signed release in light of the fact that the release was previously obtained. The Motion is **GRANTED**, however, with respect to Defendant's request for attorneys' fees. Within 30 days, Plaintiff shall pay $500.00 to Defendant to reimburse it for the attorneys' fees incurred in bringing

this issue before the Court.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 15th day of October, 2009.

```
                                        _____
                                        ROBIN S. ROSENBAUM
                                        United States Magistrate Judge
```

cc:	Honorable William J. Zloch
	Counsel of Record